SCOTT J. SAGARIA (BAR # 217981)
sjsagaria@sagarialaw.com
ELLIOT W. GALE (BAR #263326)
egale@sagarialaw.com
JOE B. ANGELO (BAR #268542)
jangelo@sagarialaw.com
SCOTT M. JOHNSON (BAR #287182)
sjohnson@sagarialaw.com
**SAGARIA LAW, P.C.**
3017 Douglas Blvd., Ste. 200
Roseville, CA 95661
408-279-2288 ph
408-279-2299 fax

Attorneys for Plaintiff
Angela Taylor

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA – SACRAMENTO DIVISION

| | |
|---|---|
| Angela Taylor**,**<br><br>Plaintiff,<br><br>v.<br><br>Sterling Jewelers, Inc., and DOES 1 through 100 inclusive**,**<br><br>Defendants. | CASE NO.<br><br>PLAINTIFF'S COMPLAINT FOR DAMAGES:<br><br>1. Violation of the Telephone Consumer Protection Act |

COMES NOW Plaintiff Angela Taylor, an individual, based on information and belief, to allege as follows:

**INTRODUCTION**

1. This is an action for damages brought by an individual consumer for Defendant's violation of the Telephone Consumer Protection Act 47 U.S.C. §227, *et seq.* (hereinafter "TCPA"), which prohibits the use of automated dialing equipment when making calls to consumers.

2. Plaintiff brings this action against Defendant Sterling Jewelers (hereinafter "Sterling") for its abusive and outrageous conduct in connection with debt collection activity.

3. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

4. The TCPA was designed to prevent calls like the ones described herein, and to protect the privacy of citizens like Plaintiff, and by enacting the TCPA, Congress intended to give consumers a choice as to how corporate entities may contact them and to prevent the nuisance associated with automated or prerecorded calls.

## JURISDICTION & VENUE

5. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1337, and 1367, and 47 U.S.C. § 227.

6. This venue is proper pursuant to 28 U.S.C. §1391(b).

## GENERAL ALLEGATIONS

7. Plaintiff Angela Taylor (hereinafter "Plaintiff") is an individual.

8. At all relevant times herein, Defendant Sterling engaged, by the use of mail, email, and telephone, in the business of collecting a debt from Plaintiff, and a "consumer debt."

9. Plaintiff had taken out a loan with Sterling in February of 2013.

10. The loan Plaintiff took from Defendant Sterling was extended primarily for personal, family or household purposes.

11. Defendant Sterling has been attempting to collect on a debt that originated from monetary credit that was extended primarily for personal, family, or household purposes, and was therefore a "consumer credit transaction."

12. Because Plaintiff, a natural person allegedly obligated to pay money to Defendant Sterling arising from what Plaintiff is informed and believes was a consumer credit transaction, the money allegedly owed was a "consumer debt."

13. Plaintiff's account was an unsecured loan and Plaintiff began making payments on the accounts.

14. Plaintiff began making payments on the loan before she became financially unable to keep up with the monthly payments.

15. Defendant Sterling began contacting Plaintiff in August of 2017 to inquire about the status of the loan and to collect on the payments that were no longer being made.

16. Plaintiff retained counsel to assist in dealing with Sterling debt and to seek some type of financial relief.

17. Counsel for Plaintiff sent Defendant Sterling a letter confirming representation of Plaintiff and that Defendant was to no longer contact Plaintiff directly and that all calls/letters/collection efforts were to no longer be directed at Plaintiff.

18. Counsel for Plaintiff sent the letter of representation to Sterling on or about October 18, 2017.

19. Plaintiff informed Sterling that she was revoking her consent, if it was ever previously given, to be called on her telephone in early October of 2017.

20. Plaintiff denies she ever gave her express consent to be contacted on her cellular telephone by automatic dialing machines and pre-recorded messages.

21. Defendant Sterling continued to contact Plaintiff between approximately October 25, 2017 – at least November 4, 2017; the type of contact was through phone calls to Plaintiff on her cellular telephone.

22. Despite notice being sent Defendant continued to contact Plaintiff on her cellular telephone regarding collection of her outstanding debt.

23. Plaintiff was contacted frequently regarding non-payment of the debt owed to Sterling despite Sterling being notified that Plaintiff had retained counsel to deal specifically with the debt owed to Sterling.

24. Sterling's calls were frequent in nature and continued despite receiving written confirmation that Plaintiff was represented by an attorney.

25. had retained counsel in an effort to deal with the debt that was owed to Defendant.

26. The calls and communications made by Defendant to Plaintiff were not related to statements of Plaintiff's account and were attempts to collect a debt.

27. Plaintiff received frequent calls from Sterling from at least October 25, 2017 – November 4, 2017.

**FIRST CAUSE OF ACTION**

(Violation of the Rosenthal Act)
(Cal. Civ. Code §§ 1788-1788.32)
(Against Defendant and Does 1-100)

28. Plaintiff realleges and incorporates herein the allegation in each and every paragraph above as though fully set forth herein.

29. Plaintiff provided written notice that she was represented by sending Defendant a letter with the name, address, and contact information of her attorney and informed Defendant that she was represented.

30. Defendant continued to call and attempt to make contact with Plaintiff despite receiving notice of representation and being informed that Plaintiff had retained counsel in an effort to deal with the debt that was owed to Defendant.

31. The calls and communications made by Defendant to Plaintiff were not related to statements of Plaintiff's account and were attempts to collect a debt.

32. Plaintiff received frequent calls from Sterling from at least October 25, 2017 – November 4, 2017.

33. Defendant violated Cal. Civ. Code §1788.14 by contacting Plaintiff after receiving noticed that Plaintiff had retained an attorney.

**SECOND CAUSE OF ACTION**

(Violation of the TCPA)
(47 USC § 227)
(Against Defendant and Does 1-100)

34. Plaintiff realleges and incorporates herein the allegation in each and every paragraph above as though fully set forth herein.

35. Since at least October of 2017 Defendant started calling Plaintiff's cellular telephone requesting that payment be made on the accounts Plaintiff held with Defendant.

36. Plaintiff informed Defendant that she was revoking consent to be contacted by Sterling in early October, 2017.

37. Sterling continued to call Plaintiff frequently since Plaintiff withdrew her consent to be contacted by an automatic dialing machine.

38. Defendant would contact Plaintiff frequently regarding payment on the accounts.

39. Defendant placed the above cited calls using an artificial or prerecorded voice to deliver the collection messages without Plaintiff's prior express consent.

40. Defendant contacted Plaintiff at least nine (9) times after Plaintiff informed Defendant she did not wish to be contacted on her cellular telephone and withdrew any prior consent that may have been given.

41. All calls placed by Defendant to Plaintiff utilized an "automatic telephone dialing system" as defined by 47 U.S.C. §227(a)(1).

42. These calls were made to Plaintiff's cellular telephone and were not calls for an emergency purposed as defined by 47 U.S.C. §227(b)(1)(B).

43. These telephone calls by Defendant, or its agent, violated 47 U.S.C. §227(b)(1)(B).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment as follows:

**a.** An award of actual damages pursuant to California Civil Code §1788.30(a), as will be proven at trial, which are cumulative and in addition to all other remedies provided for in any other cause of action pursuant to California Civil Code §1788.32.

**b.** An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code §1788.30(b), which are cumulative and in addition to all other remedies provided for in California Civil Code §1788.32; and

**c.** An award of costs of litigation and reasonable attorney's fees pursuant to Cal. Civ. Code §1788.30(c).

**d.** An award of statutory damages of $1,500.00 pursuant to 47 U.S.C. §227(b)(3)(C) for each and every violation.

**e.** Pursuant to 47 U.S.C. §227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

**f.** Pursuant to 15 U.S.C. 1692(k) both actual damages and statutory damages in an amount to be proven at trial.

**SAGARIA LAW, P.C.**

Dated: February 8, 2018 By: */s/ Elliot Gale*
Scott Sagaria, Esq.
Elliot Gale, Esq.
Attorneys for Plaintiff

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands trial of this matter by jury.

**SAGARIA LAW, P.C.**

Dated: February 8, 2018 */s/ Elliot Gale*
Scott Sagaria, Esq.
Elliot Gale, Esq.
Attorneys for Plaintiff